UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION



FILED
JUL 13 2015

| | |
|---|---|
| HOWARD BURRITT,<br><br>            Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, WARDEN; ANDATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>            Defendant. | CIV. 14-5078-JLV<br><br>ORDER |

      On October 24, 2014, petitioner Howard Burritt, an inmate at the South Dakota State Penitentiary, filed a petition for writ of habeas corpus based on 28 U.S.C. § 2254. (Docket 1). Pursuant to a standing order of October 16, 2014, the matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B). On April 8, 2015, Judge Duffy issued a report recommending the court dismiss Mr. Burritt's second federal habeas petition[1] with prejudice. (Docket 10 at p. 38). The parties did not file objections to the report and recommendation and the time for doing so passed. The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable case law. The court further finds Judge Duffy's legal analysis is well-reasoned. Having carefully reviewed the record in this case and good cause appearing, it is

---

     [1]Mr. Burritt filed his first federal habeas petition pursuant to 28 U.S.C. § 2254 on March 24, 2014. See Burritt v. Young, CIV. 14-5021-JLV (D.S.D.) (Docket 1). The court dismissed that petition without prejudice. Id. (Docket 9).

ORDERED that the report and recommendation (Docket 10) is adopted in full.

IT IS FURTHER ORDERED that Mr. Burritt's petition (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further. In such circumstances, no appeal would be warranted." Id. The court does not believe reasonable jurists would find the court's ruling debatable or wrong. Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Burritt may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated July 13, 2015.

BY THE COURT:

JEFFREY L. VIKEN
CHIEF JUDGE

3